# 23-877(L)

In The

# United States Court Of Appeals
# For The Second Circuit

**Docket Nos. 23-877(L), 23-878(Con), 23-879(Con), 23-880(Con),
23-881(Con), 23-882(Con), 23-883(Con), 23-884(Con), 23-885(Con)**

BETH BACHER, REPRESENTATIVE FOR PAUL BACHER (DECEASED),
JEROME JAY BERKOWITZ, MARY CASSIDY, JOHN CORWIN,
ARMANDO RAMOS, RAFAEL ROLON, RODERICK SULLIVAN,
THOMAS VAZZANO, ANNE YOST, PLAINTIFF REPRESENTATIVE FOR
RICHARD YOST (DECEASED), *et al.*,

*Plaintiffs - Appellees,*

v.

BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.;
BOEHRINGER INGELHEIM CORPORATION; BOEHRINGER INGELHEIM USA
CORPORATION; GLAXOSMITHKLINE LLC; GLAXOSMITHKLINE HOLDINGS
(AMERICAS) INC.; PFIZER INC.; SANOFIAVENTIS U.S. LLC;
SANOFI US SERVICES INC.,

*Defendants - Appellants.*

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR CONNECTICUT (NEW HAVEN) CASE NO. 22-CV-01432 (THE HON. JEFFREY A. MEYER)

———————————

## BRIEF OF APPELLEES

———————————

John A. Bruegger
PARAFINCZUK WOLF, P.A.
5550 Glades Road, Suite 500
Boca Raton, FL 33437
(954) 462-6700

Robert A. Izard
Craig A. Raabe
IZARD, KINDALL & RAABE, LLP
29 South Main Street, Suite 305
West Hartford, CT 06107
(860) 513-2939

*Counsel for Appellees*

*Counsel for Appellees*

# TABLE OF CONTENTS

**Page:**

TABLE OF AUTHORITIES ................................................................. iii

JURISDICTIONAL STATEMENT ...................................................... 1

STATEMENT OF THE ISSUE ............................................................ 1

STATEMENT OF THE CASE ............................................................. 1

    I.    Plaintiffs' Complaints in the Superior Court. ......................................... 2

    II.    The Parties' Agreement on Consolidation and Transfer to the CLD. ................................................................................ 3

    III.    Defendants' Removal and Plaintiffs' Remand. ...................................... 4

    IV.    The District Court's Findings of Jurisdictional Facts. ............................ 5

    V.    Procedural Posture of this Appeal. ...................................................... 6

SUMMARY OF THE ARGUMENT ..................................................... 6

STANDARD OF REVIEW .................................................................. 8

ARGUMENT ....................................................................................... 9

    I.    Courts Routinely Examine Plaintiffs' Objective Intent When Determining Whether a Proposal Exists for CAFA Jurisdiction. ........... 9

    II.    Defendants Did Not Meet Their Burden of Proof, by a Preponderance of the Evidence, That Plaintiffs' Mere Singular Citation of Section 9-5 Constitutes a Proposal for a Joint Trial. .......... 10

        A.    Plaintiffs structured their complaints to avoid federal jurisdiction. ..................................................................... 12

        B.    The consolidation motion did not request a consolidation "for trial," "through trial," or "for all purposes" – the word "trial" does not appear in the motion. ....................................... 14

C.    Plaintiffs' clear and consistent communications regarding consolidation demonstrated their intent to organize the cases in the CLD, not for trial....................................................... 18

D.    The Parties' litigation conduct confirms that consolidation was to effectuate transfer to the CLD and litigation in Connecticut Superior Court....................................................... 19

CONCLUSION AND RELIEF SOUGHT ............................................................ 24

CERTIFICATE OF COMPLIANCE WITH RULE 32(a)................................. 25

CERTIFICATE OF FILING AND SERVICE ....................................................... 26

# TABLE OF AUTHORITIES

Page(s):

Cases:

*Adams v. 3M Co.,*
    65 F.4th 802 (6th Cir. 2023)...........................................................................15, 16

*Anderson v. Bessemer City,*
    470 U.S. 564, 105 S. Ct. 1504 (1985) ....................................................................8

*Atwell v. Bos. Sci. Corp.,*
    740 F.3d 1160 (8th Cir. 2013) ..............................................................14, 15, 16

*Bacher, et al. v. Boehringer Ingelheim Pharms. Inc., et al.,*
    (Case No. DBD-CV-22-6043738-S)............................................................. 2, 20

*Berkowitz, et al. v. Boehringer Ingelheim Pharms. Inc., et al.,*
    (Case No. DBD-CV-22-6044009-S)................................................................... 2

*Blockbuster, Inc. v. Galeno,*
    472 F.3d 53 (2d Cir. 2006) .................................................................................8

*Caprio v. Rahul Gorawara,*
    No. 3:19-cv-1390 (MPS),
    2019 U.S. Dist. LEXIS 245950 (D. Conn. Nov. 13, 2019) .......................... 17

*Cassidy, et al. v. Boehringer Ingelheim Pharms. Inc., et al.,*
    (Case No. DBD-CV-22-6044174-S)................................................................... 2

*Caterpillar, Inc. v. Williams,*
    482 U.S. 386, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987)................................ 13

*Comm'r of Soc. Servs. v. SanAngelo,*
    No. FA044002611,
    2005 Conn. Super. LEXIS 933 (Super. Ct. Apr. 11, 2005) .......................... 17

*Corber v. Xanodyne Pharm., Inc.,*
    771 F.3d 1218 (9th Cir. 2014) ....................................................................14, 15

*Corwin, et al. v. Boehringer Ingelheim Pharms. Inc., et al.*,
  (Case No. DBD-CV-22-6044206-S) .................................................................. 2

*DiBella v. Town of Greenwich*,
  No. X08CV095012500S,
  2012 Conn. Super. LEXIS 1556 (Super. Ct. May 22, 2012) ....... 16, 17, 20, 21

*Estelle v. McGuire*,
  502 U.S. 62 (1991) ........................................................................................ 16

*Feinstein v. Keenan*,
  No. FSTCV106007235S,
  2012 Conn. Super. LEXIS 1449 (Super. Ct. June 6, 2012) ........................... 21

*Grubb v. Donegal Mut. Ins. Co.*,
  935 F.2d 57 (4th Cir. 1991) ........................................................................... 23

*Ibarra v. Manheim Invs., Inc.*,
  775 F.3d 1193 (9th Cir. 2015) ......................................................................... 8

*In re Abbott Labs., Inc*,
  698 F.3d 568 (7th Cir. 2012) ................................................................... 14, 16

*Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*,
  456 U.S. 694, 102 S. Ct. 2099 (1982) ........................................................... 23

*Johnson v. Advance Am.*,
  549 F.3d 932 (4th Cir. 2008) ......................................................................... 13

*Keene Corp. v. United States*,
  508 U.S. 200, 113 S. Ct. 2035 (1993) ............................................................. 2

*Kenny v. Wal-Mart Stores, Inc.*,
  881 F.3d 786 (9th Cir. 2018) ......................................................................... 23

*Lester v. Exxon Mobil Corp.*,
  879 F.3d 582 (5th Cir. 2018) ......................................................................... 15

*Mallory v. Norfolk S. Ry.*,
  143 S. Ct. 2028 (2023) .................................................................................. 23

iv

*Nutraceutical Corp. v. Von Eschenbach,*
  459 F.3d 1033 (10th Cir. 2006) ......................................................................... 8

*Parson v. Johnson & Johnson,*
  749 F.3d 879 (10th Cir. 2014) ......................................................................... 10

*PR Grp., LLC v. Windmill Int'l, Ltd.,*
  792 F.3d 1025 (8th Cir. 2015) ......................................................................... 23

*Purdue Pharma, L.P. v. Kentucky,*
  704 F.3d 208 (2013) ......................................................................... 10, 11, 12

*Ramirez v. Vintage Pharm., LLC,*
  852 F.3d 324 (3d Cir. 2017) ......................................................................... 10, 12, 13

*Ramos, et al. v. Boehringer Ingelheim Pharms. Inc., et al.,*
  (Case No. DBD-CV-22-6043741-S) ......................................................................... 2

*Robertson v. United States Bank, N.A.,*
  831 F.3d 757 (6th Cir. 2016) ......................................................................... 23

*Rolon, et al. v. Boehringer Ingelheim Pharms. Inc., et al.,*
  (Case No. DBD-CV-22-6047175-S) ......................................................................... 2

*Scimone v. Carnival Corp.,*
  720 F.3d 876 (11th Cir. 2013) ......................................................................... 10, 12

*Sullivan, et al. v. Boehringer Ingelheim Pharms. Inc., et al.,*
  (Case No. DBD-CV-22-6043749-S) ......................................................................... 2

*Tanoh v. Dow Chem. Co.,*
  561 F.3d 945 (9th Cir. 2009) ......................................................................... 12

*United States v. United States Gypsum Co.,*
  333 U.S. 364 (1948) ......................................................................... 8

*Vazzano, et al. v. Boehringer Ingelheim Pharms. Inc., et al.,*
  (Case No. DBD-CV-22-6044212-S) ......................................................................... 2

*Yost, et al. v. Boehringer Ingelheim Pharms. Inc., et al.,*
  (Case No. DBD-CV-22-6043759-S) ......................................................................... 2

**Statutes:**

28 U.S.C. § 1332(d) ................................................................ *passim*

28 U.S.C. § 1332(d)(11) ............................................................ 4, 9

28 U.S.C. § 1332(d)(11)(B)(i) .................................................. 7, 11

28 U.S.C. § 1441(b)(2) ............................................................. 3, 13

28 U.S.C. § 1447(c) ................................................................. 3, 13

28 U.S.C. § 1453(c)(1) .............................................................. 1, 6

Conn. Gen. Stat. § 52-104 .......................................................... 17

**Rules:**

Conn. Practice Book § 9-5 .................................................... *passim*

Conn. Practice Book § 9-7 ....................................................... 1, 11

Conn. Practice Book § 9-8 ....................................................... 1, 11

Fed R. App. P. 26 ................................................................... 1, 6

Fed R. Civ. P. 23 .................................................................. 1, 11

Fed R. Civ. P. 52(a) .................................................................. 8

La. Code Civ. Proc., art. 1561 ................................................... 15

**Other Authorities:**

Webster's Third New International Dictionary (2002) ........................... 10

## JURISDICTIONAL STATEMENT

This Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1453(c)(1) because removal was taken pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). The District Court did not have subject-matter jurisdiction under CAFA because this is not a "class action" or a "mass action" in that (1) the original case was not brought as a class action under Rule 23 of the Federal Rules of Civil Procedure or Connecticut Practice Book §§ 9-7 or 9-8 and (2) there was no proposal to jointly try the claims of 100 or more persons. Defendants timely filed a Petition for Permission to Appeal pursuant to 28 U.S.C. § 1453(c)(1) and Rule 26 of the Federal Rules of Appellate Procedure, which this Court granted on June 13, 2023.

## STATEMENT OF THE ISSUE

Federal courts have limited jurisdiction. The party invoking jurisdiction must prove it is proper by a preponderance of the evidence. Plaintiffs filed nine separate complaints in state court, each with fewer than 100 persons, sought consolidation for referral to Connecticut's Complex Litigation Docket ("CLD"), and did not ask for consolidation for trial. Have Defendants met their burden of proof that Plaintiffs intended to propose a joint trial of 100 or more persons for CAFA jurisdiction?

## STATEMENT OF THE CASE

"Congress has the constitutional authority to define the jurisdiction of the lower federal courts and, once the lines are drawn, limits upon federal jurisdiction

1

must be neither disregarded nor evaded."[1] The party seeking to invoke the machinery of the federal courts carries the burden of proof, by a preponderance of the evidence, that jurisdiction is proper. At issue here is whether Defendants have met their burden to show that Plaintiffs proposed a singular joint trial of 853 individual personal injury plaintiffs sufficient to trigger CAFA jurisdiction.

## I.  Plaintiffs' Complaints in the Superior Court.

Plaintiffs filed nine separate, state law-based personal injury complaints, each containing fewer than 100 plaintiffs, in the Superior Court of the Judicial District of Danbury, State of Connecticut.[2] Each complaint named multiple plaintiffs residing in several states, including Connecticut, and several defendants, including three Boehringer Ingelheim entities domiciled in Connecticut.[3] All nine complaints

---

[1] *Keene Corp. v. United States*, 508 U.S. 200, 207, 113 S. Ct. 2035, 2040 (1993).
[2] *Bacher, et al. v. Boehringer Ingelheim Pharms. Inc., et al.* (Case No. DBD-CV-22-6043738-S) contained 99 plaintiffs (JA30), *Berkowitz, et al. v. Boehringer Ingelheim Pharms. Inc., et al.* (Case No. DBD-CV-22-6044009-S) contained 99 plaintiffs (JA270), *Ramos, et al. v. Boehringer Ingelheim Pharms. Inc., et al.* (Case No. DBD-CV-22-6043741-S) contained 99 plaintiffs (JA404), *Cassidy, et al. v. Boehringer Ingelheim Pharms. Inc., et al.* (Case No. DBD-CV-22-6044174-S) contained 99 plaintiffs (JA539), *Corwin, et al. v. Boehringer Ingelheim Pharms. Inc., et al.* (Case No. DBD-CV-22-6044206-S) contained 80 plaintiffs (JA664), *Vazzano, et al. v. Boehringer Ingelheim Pharms. Inc., et al.* (Case No. DBD-CV-22-6044212-S) contained 80 plaintiffs (JA780), *Rolon, et al. v. Boehringer Ingelheim Pharms. Inc., et al.* (Case No. DBD-CV-22-6047175-S) contained 99 plaintiffs (JA911), *Sullivan, et al. v. Boehringer Ingelheim Pharms. Inc., et al.* (Case No. DBD-CV-22-6043749-S) contained 99 plaintiffs (JA1045), and *Yost, et al. v. Boehringer Ingelheim Pharms. Inc., et al.* (Case No. DBD-CV-22-6043759-S) contained 99 plaintiffs (JA1181).
[3] *Id.*

indicated that each individual plaintiff's claims were separate: "Wherefore, *each* Plaintiff requests that the Court enter an order or judgment against the Defendants." JA106, JA345, JA480, JA605, JA730, JA862, JA986, JA1121, JA1257. Additionally, each complaint expressly disclaimed federal jurisdiction:

> This lawsuit is not subject to removal based on the existence of a federal question. Plaintiffs assert common law and/or statutory claims under state law. These claims do not arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1447(c). There is no federal jurisdiction over this matter because all Plaintiffs assert claims against a forum defendant, Boehringer Ingelheim. One of the Plaintiffs is a citizen of Connecticut as alleged herein. Defendants are therefore precluded from removing this civil action due to the presence of a forum defendant, Boehringer Ingelheim, with respect to each Plaintiff named herein. 28 U.S.C. § 1441(b)(2) ("A civil action . . . may not be removed if any of the parties properly joined and served as defendants is a citizen of the State in which such action is brought.")[1]

## II.    The Parties' Agreement on Consolidation and Transfer to the CLD.

On several occasions between the end of October and beginning of November 2022, counsel for the parties emailed each other to determine if they agreed regarding consolidation of the cases and transfer to the CLD. On October 21, 2022, defense counsel confirmed his understanding that Plaintiffs were seeking a consolidation of all cases in the same court and designation of Hartford or Stamford for the CLD. JA143. Plaintiffs' counsel followed up for a status update five days later. JA143. Within an hour, defense counsel responded that "[i]t appears all

---

[1] JA49, JA287-288, JA423, JA547-548, JA672-673, JA805, JA928-929, JA1082, JA1200.

3

defendants are comfortable with recommending: 1) Hartford and 2) Stamford under CLD." JA142. Plaintiffs' counsel acknowledged the agreement and stated that the consolidation motion and CLD application would be filed. JA142. On November 2, 2022, defense counsel inquired as to the status of the CLD application, to which plaintiffs' counsel responded that they "were working on the consolidation motions today. Our thought is to get everything consolidated and then file the CLD so we can do it with one application." JA145. Later that day, Plaintiffs filed a consolidation motion on the basis that "[c]onsolidating these actions will allow for the court to manage all of them in an orderly and efficient manner," and that "[a]ll Defendants consent to this proposed consolidation." JA118. Significantly, the text of the motion does not contain the phrases: "consolidation for trial," "through trial," or "for all purposes." JA117-118. In fact, there is no mention of the word "trial," just the singular *pro forma* citation of § 9-5. JA117. Plaintiffs sought consolidation merely to facilitate transfer to the CLD. JA123. Two days later, on November 4, 2022, the Chief Administrative Judge *sua sponte* issued an order transferring all the actions contained in the nine complaints to the CLD. JA140.

## III.   Defendants' Removal and Plaintiffs' Remand.

On November 10, 2022, Defendants removed all nine cases to the United States District Court for the District of Connecticut under the "mass action" provision of CAFA, 28 U.S.C. § 1332(d)(11). JA13. One week later, Plaintiffs

moved for remand because they never proposed to try 100 or more cases together, they intentionally structured the complaints to avoid federal court jurisdiction, and they filed the consolidation motion merely to effectuate transfer to the CLD. JA120-22. The District Court heard oral argument on January 12, 2023. JA190. At oral argument, Plaintiffs' counsel explained that Plaintiffs moved for consolidation "in order to ensure that the cases would be managed efficiently and effectively -- we moved for consolidation so that a single matter could be easily transferred to the [CLD]." JA195. Plaintiff's counsel further stated that "the purpose of moving to consolidate was so that we do it in sort of one fell swoop so that we didn't have to file nine separate applications, pay the fees nine times." JA196.

## IV. The District Court's Findings of Jurisdictional Facts.

On January 17, 2023, the District Court issued its Order granting remand on the basis that "defendants have not carried their burden to show that there was a 'mass action' to trigger federal jurisdiction under CAFA, because the defendants have not shown that the plaintiffs proposed a joint trial of their claims." JA181. Specifically, the District Court found the following relevant jurisdictional facts:

- The body of Plaintiffs' motion to consolidate does not seek or propose a joint trial of the separate actions. JA185.

- The evidence of communications between counsel prior to the Plaintiffs' filing of their motion to consolidate does not suggest that the Plaintiffs were seeking or proposing to consolidate the cases for purposes of trial. JA185.

5

- Plaintiffs sought consolidation as no more than an expedient for an easier and less costly transfer of the cases to the CLD for superior case management. JA185.

- Plaintiffs' citation to § 9-5 does not conclusively establish that they were proposing consolidation for the purpose of trial, because there is no other provision of the Connecticut Practice Book that expressly references and authorizes a motion to consolidate for pre-trial discovery and case management. JA186.

- The record does not show that the Plaintiffs wanted or intended to bring about a joint trial of all their claims when they filed their motion to consolidate. JA188.

- Plaintiffs lawfully structured their state court complaints, most of which are a single plaintiff shy of the 100-plaintiff federal removal threshold, in order to avoid the Defendants' resort to CAFA to force the litigation to proceed in federal court. JA188.

## V.     Procedural Posture of this Appeal.

Defendants filed a Petition for Permission to Appeal pursuant to 28 U.S.C. § 1453(c)(1) and Rule 26 of the Federal Rules of Appellate Procedure, JA226, which this Court granted on June 13, 2023.

## SUMMARY OF THE ARGUMENT

Because federal jurisdiction is limited, the party seeking to invoke federal jurisdiction bears the burden to prove it is proper by a preponderance of the evidence. In this case, Defendants removed 853 factually distinct personal injury cases from Connecticut Superior Court under CAFA, which creates jurisdiction over "mass actions," defined as "any civil action . . . in which monetary relief claims of *100 or more persons are proposed to be tried jointly* on the ground that the

plaintiffs' claims involve common questions of law or fact." 28 U.S.C. § 1332(d)(11)(B)(i) (emphasis added).

Removal was improper because this case does not meet the definition of "mass action." There was no proposal for a joint trial. Defendants' sole scintilla of evidence in support of removal is Plaintiffs' singular, *pro forma*, citation of Connecticut Practice Book § 9-5 in their motion to consolidate. This is not the "greater weight of the evidence" to meet their burden because every other piece of objective evidence found by the District Court demonstrates Plaintiffs never intended to propose a joint trial. Plaintiffs structured their complaints to name fewer than 100 persons and expressly disclaimed federal jurisdiction. The motion to consolidate did not seek a consolidation for trial, through trial, or for all purposes. The communications Plaintiffs' counsel and Defendants' counsel exchanged before the motion was filed clearly indicate that the purpose of the consolidation was merely to ease transfer to the CLD. Finally, the parties' respective litigation conduct, including Defendants' agreement to this litigation plan, demonstrate a desire to litigate these cases in Connecticut Superior Court. Not once in the record did the Plaintiffs seek a joint trial or even use the word "trial."

The District Court's finding of these key jurisdictional facts was not clearly erroneous, and this Court should affirm his Order granting remand because the

record does not show that the Plaintiffs wanted or intended to bring about a joint trial of all their claims when they filed their motion to consolidate.

## STANDARD OF REVIEW

On appeal of a remand order under CAFA, this Court reviews the District Court's legal determination of jurisdiction *de novo* and its factual findings supporting that finding for clear error. *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006); *see also* Fed. R. Civ. P. 52(a). A finding of fact is "clearly erroneous" when the appellate court is left with the definite and firm conviction that a mistake has been committed. *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). This standard does not entitle the appellate court to reverse the finding of the district court simply because it is convinced that it would have decided the case differently. *Anderson v. Bessemer City*, 470 U.S. 564, 573, 105 S. Ct. 1504, 1511 (1985).

Because Defendants are the party invoking CAFA jurisdiction, they have the burden of proving that jurisdiction is proper by a preponderance of the evidence. *Blockbuster, Inc.*, 472 F.3d at 58. The preponderance of the evidence standard requires the Defendants to support their argument with the greater weight of the evidence. *Nutraceutical Corp. v. Von Eschenbach*, 459 F.3d 1033, 1040 (10th Cir. 2006). Defendants cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions. *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015).

## ARGUMENT

### I.  Courts Routinely Examine Plaintiffs' Objective Intent When Determining Whether a Proposal Exists for CAFA Jurisdiction.

While this Court has not issued any published opinions on the issue of intent in the context of a joint trial proposal, numerous sister circuits have held that the term "proposal" necessarily implies "intent." Defendants spend several pages arguing that Plaintiffs' subjective intent is irrelevant as to whether there was a proposal for a joint trial, and by granting the motion for remand, the District Court improperly created a new subjective intent exception to § 1332(d)(11). Appellants' Brief, pp. 15-24.

The District Court never created such an exception, and Plaintiffs never argued that a subjective intent exception should be applied. When viewed objectively, based on the jurisdictional facts determined by the District Court, Plaintiffs never requested a joint trial, or consolidation for trial, for all purposes, or through trial. The consolidation motion merely sought consolidation for the orderly and efficient management of the cases and transfer to the CLD. The District Court did not create an exception to § 1332(d)(11) in its Order. Rather, like this Court's numerous sister circuits, the District Court analyzed objective facts in the record to determine whether Defendants met their burden of proof as to whether Plaintiffs proposed a joint trial of 853 highly individualized personal injury cases. Determining Plaintiffs' intent, based on the objective facts and circumstances of the case, was integral to the court's determination.

"Propose" means "to form or declare a plan or *intention*" or "to offer for consideration, discussion, acceptance, or adoption." *Scimone v. Carnival Corp.*, 720 F.3d 876, 881 (11th Cir. 2013), *quoting* Webster's Third New International Dictionary 1819 (2002) (emphasis added). As the *Scimone* court has aptly analogized: "[W]e would hardly say that a mouse 'proposes' to be eaten by a cat when it makes the mistake of being seen by the cat, recognizes the danger, and then quickly scurries away...The more natural reading of the provision is that the plaintiffs must actually want, or at least intend to bring about, what they are proposing." *Id.* at 884. Therefore, intent is pertinent to determining whether Plaintiffs have proposed a joint trial. *Ramirez v. Vintage Pharm., LLC*, 852 F.3d 324, 331-2 (3d Cir. 2017); *Parson v. Johnson & Johnson*, 749 F.3d 879, 888, 890 (10th Cir. 2014) ("[T]he common usage of the word 'propose' involves an intentional act... The definitional emphasis here is on the plaintiffs' intent, on what they 'seek' to accomplish.").

In this case, the Plaintiffs never intended, or sought to accomplish, a consolidation for purposes of a joint trial.

## II. Defendants Did Not Meet Their Burden of Proof, by a Preponderance of the Evidence, That Plaintiffs' Mere Singular Citation of Section 9-5 Constitutes a Proposal for a Joint Trial.

As this Court stated in *Purdue Pharma, L.P. v. Kentucky*, in order for the district court to exercise jurisdiction under CAFA, the case must involve a class

action[5] or mass action. 704 F.3d 208, 213 (2013). A "mass action," is defined as "any civil action . . . in which monetary relief claims of *100 or more persons are proposed to be tried jointly* on the ground that the plaintiffs' claims involve common questions of law or fact." *Id.* at 213-214, *citing* 28 U.S.C. § 1332(d)(11)(B)(i) (emphasis added). Actions that fail to fit into one of these two statutory categories will fall outside CAFA's jurisdictional orbit. *Id.* at 214. As shown above, whether Plaintiffs intended to propose a joint trial of these claims is the primary issue before this Court.

Defendants' only argument on appeal is that Plaintiffs' singular *pro forma* citation of § 9-5 is alone sufficient evidence of jurisdiction to override the substantial weight of evidence to the contrary. The objective evidence in the trial court record shows that Plaintiffs never proposed a joint trial of 100 or more persons. First, Plaintiffs intentionally structured their complaints to avoid federal CAFA jurisdiction. Second, the plain language of the motion to consolidate does not indicate any intention or proposal to consolidate for trial, through trial, or for all purposes. Third, Plaintiffs' intent is clear from the communications between counsel. Finally, Plaintiffs' litigation conduct clearly demonstrates that they never intended to propose a joint trial of 100 or more persons.

---

[5] Defendants are not alleging that this case is a "class action," nor could they, as the original case was not brought as a class action under Rule 23 of the Federal Rules of Civil Procedure or Connecticut Practice Book §§ 9-7 or 9-8.

### A. Plaintiffs structured their complaints to avoid federal jurisdiction.

The initial indication that Plaintiffs have not proposed jointly trying 100 or more cases is the way Plaintiffs structured their complaints, which the District Court found were lawfully structured to avoid the Defendants' CAFA removal. JA188. Plaintiffs are masters of their complaints and may structure their actions to intentionally avoid removal under CAFA. *Purdue Pharma, L.P.*, 704 F.3d at 216, fn. 7. One way plaintiffs do this is by naming fewer than 100 plaintiffs in the complaint. *Scimone*, 720 F.3d at 881; *see also Tanoh v. Dow Chem. Co.*, 561 F.3d 945 (9th Cir. 2009) (where none of the seven actions involved claims of 100 or more persons proposed to be tried jointly and were not removable under CAFA). Here, as the District Court found, Plaintiffs purposefully and intentionally structured their complaints, each with fewer than 100 plaintiffs, so as not to invoke the mass action provision of CAFA. JA188. Seven of the nine complaints named 99 individuals, and the remaining two complaints each named 80 individuals. *See* footnote 1, *supra*.

Furthermore, the language used in Plaintiffs' complaints is very different from the language used in the *Ramirez* complaints. In *Ramirez*, the court found that the language plaintiffs chose in their complaint contained references to a single trial. *Ramirez*, 852 F.3d at 329. After each count in the complaint, the *Ramirez* plaintiffs requested a jury trial, but never multiple or separate trials. *Id.* Additionally, those plaintiffs used singular language in their prayer for relief, which sought "**an** award of

damages in such amount to be determined at trial." *Id.* (emphasis added). In this case, Plaintiffs indicated in the prayers for relief that each individual plaintiff's claims were separate: "Wherefore, *each* Plaintiff requests that the Court enter an order or judgment against the Defendants." JA106, JA345, JA480, JA605, JA730, JA862, JA986, JA1121, JA1257.

Further, Plaintiffs, as masters of their complaints, can choose to restrict the scope of their allegations to avoid federal jurisdiction under CAFA. *Johnson v. Advance Am.*, 549 F.3d 932, 937 (4th Cir. 2008) ("[T]he plaintiff is master of his complaint[,] and [this] generally permits plaintiffs to 'avoid federal jurisdiction by exclusive reliance on state law'" (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987)). Plaintiffs' original complaints expressly disclaim federal jurisdiction:

> This lawsuit is not subject to removal based on the existence of a federal question. Plaintiffs assert common law and/or statutory claims under state law. These claims do not arise under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1447(c). There is no federal jurisdiction over this matter because all Plaintiffs assert claims against a forum defendant, Boehringer Ingelheim. One of the Plaintiffs is a citizen of Connecticut as alleged herein. Defendants are therefore precluded from removing this civil action due to the presence of a forum defendant, Boehringer Ingelheim, with respect to each Plaintiff named herein. 28 U.S.C. § 1441(b)(2) ("A civil action . . . may not be removed if any of the parties properly joined and served as defendants is a citizen of the State in which such action is brought.")[6]

---

[6] JA49, JA287-288, JA423, JA547-548, JA672-673, JA805, JA928-929, JA1082, JA1200.

Thus, the structure of the complaints is the clearest indication that Plaintiffs did not intend to propose a joint trial. The District Court's finding of this fact was not clearly erroneous.

**B.    The consolidation motion did not request a consolidation "for trial," "through trial," or "for all purposes" – the word "trial" does not appear in the motion.**

Another clear indication that Plaintiffs did not propose a joint trial of 100 or more persons is the language of the consolidation motion, which the District Court found did not seek or propose a joint trial of the separate actions. JA185. This Court's sister circuits have held that when plaintiffs use certain language, a proposal for a joint trial will be inferred. In the Ninth Circuit, the court ruled that requesting consolidation "for all purposes" or "through trial" is a proposal to try the cases jointly. *Corber v. Xanodyne Pharm., Inc.,* 771 F.3d 1218, 1225 (9th Cir. 2014). In the Seventh Circuit, plaintiffs moved for consolidation "through trial," "not solely for pretrial proceedings," and to "eliminate duplicative discovery and pretrial litigation, prevent inconsistent pretrial and trial rulings, and thereby promote judicial efficiency." *In re Abbott Labs., Inc,* 698 F.3d 568, 570-1 (7th Cir. 2012). In the Eighth Circuit, plaintiffs' counsel's request for three multi-plaintiff cases to be assigned to a single judge for both pretrial and trial matters was taken as a proposal to try the claims jointly. *Atwell v. Bos. Sci. Corp.,* 740 F.3d 1160, 1163-4 (8th Cir. 2013). The Sixth Circuit held that when a complaint is filed with more than 100 plaintiffs, the court will presume that a proposal

14

has been made to jointly try those claims for purposes of CAFA jurisdiction. *Adams v. 3M Co.*, 65 F.4th 802, 805 (6th Cir. 2023).

Defendants erroneously rely on these and other cases for the proposition that "courts around the country have upheld CAFA jurisdiction when plaintiffs explicitly move to consolidate mass-tort actions under state rule expressly providing for consolidation through trial." Appellants' Brief, p. 13. However, the holdings of those cases were based on critically different language used in their respective complaints or requests for consolidation. In *Lester v. Exxon Mobil Corp.*, plaintiffs filed a singular complaint with 600 plaintiffs before CAFA's effective date, and then, after the effective date, consolidated it with another case involving three plaintiffs to "effect a consolidation for purpose of trial pursuant to Article 1561 of the Louisiana Code of Civil Procedure." 879 F.3d 582, 587 (5th Cir. 2018). Thus, not only did the case involve over 100 plaintiffs on a single complaint, but the plaintiffs affirmatively asked for consolidation for trial. In *Corber*, plaintiffs' counsel sought consolidation for "all purposes" under a California rule allowing coordinated proceedings for all purposes, because of the risk of "duplicate and inconsistent rulings, orders, or judgments." 771 F.3d at 1221-3. The critical issue in *Corber* was that plaintiffs sought consolidation for "all purposes" because of the risks of inconsistent judgments, thus implying one joint trial to avoid several different trials. In *Atwell*, three groups of plaintiffs, each with fewer than 100 plaintiffs, filed motions proposing

15

that the state court assign each group "to a single Judge for purposes of discovery and trial." 740 F.3d at 1161. The plaintiffs in *In re Abbott Labs, Inc.* asked for consolidation of the cases "through trial" and "not solely for pretrial proceedings." 698 F.3d at 571. Finally, the "simple bright-line rule" decided by the court in *Adams* only held that the courts will presume a proposal for joint trial when the complaint contained 100 or more persons. 65 F.4th at 805. In other words, in each of these cases where the court found that plaintiffs proposed a joint trial of 100 or more persons, the plaintiffs had either filed a single complaint of more than 100 persons, or they specifically asked for consolidation "for trial" or for "all purposes." Neither of those facts apply here.

As the District Court recognized, a consolidation request merely citing § 9-5 is not exclusively treated by Connecticut practitioners and judges as a request for a consolidated trial. JA186-187. Rather, it is the procedural vehicle to enable courts to manage cases with overlapping issues for simple organizational purposes. And courts have specifically held § 9-5 is available to address pre-trial issues only. *See, e.g., DiBella v. Town of Greenwich*, No. X08CV095012500S, 2012 Conn. Super. LEXIS 1556 (Super. Ct. May 22, 2012).[7] Furthermore, Connecticut courts routinely

---

[7] This Court should defer to the state court regarding uncontested issues of state law. *See Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) (holding that, in order to unravel issues of state law, federal courts "must defer to the judgment of state courts on interpretations of state law").

interpret § 9-5 and Conn. Gen. Stat. § 52-104 together. *See*, e.g., *Caprio v. Rahul Gorawara*, No. 3:19-cv-1390 (MPS), 2019 U.S. Dist. LEXIS 245950 (D. Conn. Nov. 13, 2019); *Comm'r of Soc. Servs. v. SanAngelo*, No. FA044002611, 2005 Conn. Super. LEXIS 933 (Super. Ct. Apr. 11, 2005). Indeed, § 9-5 merely reflects the statutory authority of Conn. Gen. Stat. § 52-104, which allows for consolidation for pretrial purposes:

> **Sec. 52-104. Joinder of plaintiffs and consolidation of causes.** All persons may be joined in one action as plaintiffs in whom any right of relief in respect to or arising out of the same transaction or series of transactions is alleged to exist either jointly or severally when, if such persons brought separate actions, any common question of law or fact would arise; provided, if, upon the motion of any party, it would appear that the joinder might embarrass or delay the trial of the action, the court may order separate trials, or make such other order as may be expedient.

Conn. Gen. Stat. § 52-104.

Defendants insist that this Court should ignore the language in Plaintiffs' complaints and consolidation motion and argue that because Plaintiffs' motion cited § 9-5, this Court should not consider any other factors as to whether there truly was a joint trial proposal. Here, Plaintiffs did not include 100 or more persons on each complaint, and Plaintiffs did not ask for consolidation for trial, through trial, or for all purposes. There is no mention of the word "trial" anywhere in the consolidation motion because Plaintiffs never intended a joint trial, only a referral to the CLD. Connecticut state and federal courts have not interpreted § 9-5 to only allow consolidation for trial purposes, as exemplified in *DiBella* and *Caprio*. Therefore,

the mere citation of § 9-5, without more, does not evidence an intention by Plaintiffs for a joint trial. The District Court's findings regarding these facts were not clearly erroneous.

### C. Plaintiffs' clear and consistent communications regarding consolidation demonstrated their intent to organize the cases in the CLD, not for trial.

Plaintiffs' counsel did not file the consolidation motion in a vacuum – their intent to consolidate and transfer to the CLD was clearly communicated to opposing counsel prior to filing. Over the course of two weeks in October and November 2022, counsel for the Defendants and Plaintiffs exchanged emails and phone calls regarding consolidation of the cases and transfer to the CLD. On October 21, 2022, Defense counsel confirmed his understanding that Plaintiffs sought a consolidation of all cases in the same court and designation of Hartford or Stamford for the CLD. JA143. Plaintiffs' counsel followed up for a status update five days later. JA143. Within an hour, Defense counsel responded that "[i]t appears all defendants are comfortable with recommending: 1) Hartford and 2) Stamford under CLD." JA142. Plaintiffs acknowledged the agreement and stated that the consolidation motion and CLD application would be filed. JA142. On November 2, 2022, Defendants inquired as to the status of the CLD application, to which Plaintiffs' counsel responded that they "were working on the consolidation motions today. Our thought is to get everything consolidated and then file the CLD so we can do it with one

application." JA145. Later that day, Plaintiffs filed a consolidation motion on the basis that "[c]onsolidating these actions will allow for the court to manage all of them in an orderly and efficient manner," and that "[a]ll Defendants consent to this proposed consolidation." JA118.

The District Court found that these communications indicated Plaintiffs sought consolidation only to ease transfer to the CLD. JA185. Plaintiffs never stated or implied that they sought consolidation for trial – the word "trial" never appears in the emails. Additionally, Defendants never expressed any objections they may have harbored as to the consolidation and transfer plan. Because the only Connecticut court rule that provides for consolidation is § 9-5, Defendants anticipated, or should have anticipated, that consolidation would be requested via § 9-5, for the purposes Plaintiffs stated in the communications between the parties. The District Court's finding of this fact was not clearly erroneous.

### D. The Parties' litigation conduct confirms that consolidation was to effectuate transfer to the CLD and litigation in Connecticut Superior Court.

The Plaintiffs and Defendants expressed their intent to litigate these cases in Plaintiffs' chosen forum, Connecticut Superior Court. First, Plaintiffs purposely structured their complaints to avoid federal court jurisdiction. *See* subsection A, *supra.* Secondly, while each complaint named numerous individual plaintiffs who ingested the drug Zantac and developed cancer as a result, there were several

differences among the individual plaintiffs that would make a singular joint trial of 853 separate claims impossible, improbable, and unrealistic.

For each of the 853 individual cases to be tried, case-specific discovery would need to occur, including depositions of each of the Plaintiffs and their physicians. In *Batcher*, for example, the 99 plaintiffs developed 22 different forms of cancer that lasted for different time periods with different outcomes and injuries. JA114-116. To prove specific injury and causation for each case, Plaintiffs would be required to disclose 853 unique expert reports. Furthermore, a jury would be tasked with deciding liability and specific causation for 853 separate Plaintiffs based on highly individualized facts. Conducting such a joint trial would be a logistical and procedural impossibility and is an unreasonable interpretation of Plaintiffs' intent. These trial scenarios are incomprehensible. Yet, Defendants have persisted in their tortured interpretation of the word "propose" in an attempt to persuade the District Court first, and now this Court, that Plaintiffs did, in fact, propose such an unrealistic and unfathomable joint trial. While "it is likely that issues raised in any one of the cases could impact the other cases" (JA118) sufficient for pretrial consolidation, no court would consolidate these 853 cases for a joint trial. Plaintiffs' actual proposal was merely to consolidate the cases and use the CLD to manage them, as was done in *DiBella*.

In *DiBella*, the CLD court consolidated cases together for discovery, but not trial, under § 9-5. *DiBella*, No. X08CV095012500S, 2012 Conn. Super. LEXIS 1556 (Super. Ct. May 22, 2012), at *1-2. The court stated that there were enough similarities in the general facts and an overlap with the witnesses that it made little sense for the cases to advance on separate tracks during discovery. *Id.* However, the court declined to consolidate the cases for trial because both cases were still in their infancy. *Id.* at *5-6 ("Notwithstanding the similarities in the underlying actions there is likelihood that one case may be ready for trial before the other. Discovery may help to illuminate if the cases will continue to travel down the same track.")

Consolidation for trial is also inappropriate when there is no identity of parties in all cases. *Feinstein v. Keenan,* No. FSTCV106007235S, 2012 Conn. Super. LEXIS 1449 (Super. Ct. June 6, 2012), at *1 ("Here, the two actions do arise from the same transaction... but there is not an identity of parties. The Keenans are not a party to the *Rizza* case and Atty. Rizza is not a party to the *Keenan* case."). Here, many individual plaintiffs' cases do not involve all of the Defendants, and none of them involve the other plaintiffs. Therefore, as the court in *DiBella* found, and the District Court reasoned, a request for consolidation under § 9-5 does not have the default meaning that the party is requesting a consolidation for trial, or that consolidation for trial would be appropriate, or that the court would grant

consolidation for trial, especially in cases where all of the Plaintiffs have individual personal injury claims that are not identical in each case.

In addition to the structure of the complaints and the communications between counsel prior to the filing of the consolidation motions, Plaintiffs also expressly disclaimed any intention to consolidate for trial at the hearing on the motion for remand. When the District Court asked what the reason for the consolidation request was, Plaintiffs' counsel stated "We were looking to transfer the cases to the Complex Litigation Docket. That was the goal." JA196. The only reason § 9-5 was cited was because "it's the only rule in the Connecticut Practice Book that provides for consolidation of actions. There's no other rule in the Practice Book that would allow us to efficiently organize 850 cases." JA196-197. The District Court found that the citation to § 9-5 did not conclusively establish that Plaintiffs were proposing consolidation for the purpose of trial, "because there is no other provision of the Connecticut Practice Book that expressly references and authorizes a motion to consolidate for pre-trial discovery and case management." JA186. Thus, at no time before, during, or after the filing of the consolidation motion did Plaintiffs express any intention for a joint trial.

Additionally, the Defendants consented to the litigation plan proposed by Plaintiffs. The email chains between the parties clearly establish that Plaintiffs were going to file the consolidation motion first, and then file one CLD application.

JA142-145. Defendants' assertion that they did not consent to Plaintiffs' two-pronged proposal, when they expressly agreed to the second prong and never expressed any concern or opposition to the first, predicate prong, is merely an attempt to sidestep their consent to the litigation plan. JA142-145. A defendant can waive its jurisdictional rights by explicitly or implicitly consenting to litigate future disputes in a particular State's courts, or by voluntarily invoking certain benefits from a State that are conditioned on submitting to the State's jurisdiction. *Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 U.S. 694, 102 S. Ct. 2099 (1982); *Mallory v. Norfolk S. Ry.*, 143 S. Ct. 2028, 2045 (2023) (Jackson, J., concurring) (internal citations omitted). A defendant can also constructively abjure removal "by taking some substantial offensive or defensive action in the state court action indicating a willingness to litigate in that tribunal before filing a notice of removal with the federal court." *PR Grp., LLC v. Windmill Int'l, Ltd.*, 792 F.3d 1025, 1026 (8th Cir. 2015) (internal citations omitted); *see also Grubb v. Donegal Mut. Ins. Co.*, 935 F.2d 57 (4th Cir. 1991); *Robertson v. United States Bank, N.A.*, 831 F.3d 757, 761 (6th Cir. 2016); *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786 (9th Cir. 2018). Here, Defendants expressed consent to the plan to consolidate and transfer to the CLD, if the case was assigned to the CLD court in Hartford or Stamford, a condition to which Plaintiffs agreed. At no time did Defendants object to the plan or argue that

consolidation was not appropriate, or otherwise indicate their desire to litigate this matter in federal court.

## CONCLUSION AND RELIEF SOUGHT

The objective jurisdictional facts found by the District Court show that Plaintiffs never proposed a joint trial of 853 factually distinct and highly individualized personal injury cases such that Defendants could properly invoke CAFA jurisdiction. This Court should affirm the Order of the District Court granting remand because the District Court's finding of facts was not clearly erroneous, and Defendants cannot prove by a preponderance of the evidence that federal CAFA jurisdiction existed at the time of removal.

Respectfully submitted,

*/s/ John A. Bruegger*
JOHN A. BRUEGGER
PARAFINCZUK WOLF, P.A.
5550 Glades Road, Suite 500
Boca Raton, FL
(954) 462-6700
jbruegger@parawolf.com

ROBERT A. IZARD
CRAIG A. RAABE
IZARD, KINDALL & RAABE, LLP
29 South Main Street, Suite 305
West Hartford, CT 06107
(860) 513-2939

August 17, 2023                    *Counsel for Appellees*

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

1.      This brief complies with the type-volume limitation because:

        this brief contains <u>5,977</u> words, excluding the parts of the brief
        exempted by Fed. R. App. P. 32(f).

2.      This brief complies with the typeface requirements of Fed. R. App. P.
        32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

        this brief has been prepared in a proportional spaced typeface using
        <u>Microsoft Word</u> in <u>14-point Baskerville Old Face</u>.

                                Respectfully submitted,

                                <u>/s/ John A. Bruegger</u>
                                JOHN A. BRUEGGER
                                PARAFINCZUK WOLF, P.A.
                                5550 Glades Road, Suite 500
                                Boca Raton, FL
                                (954) 462-6700
                                jbruegger@parawolf.com

                                ROBERT A. IZARD
                                CRAIG A. RAABE
                                IZARD, KINDALL & RAABE, LLP
                                29 South Main Street, Suite 305
                                West Hartford, CT 06107
                                (860) 513-2939

August 17, 2023                 *Counsel for Appellees*

## CERTIFICATE OF FILING AND SERVICE

I hereby certify that on August 17, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to all registered CM/ECF users.

Respectfully submitted,

*/s/ John A. Bruegger*
JOHN A. BRUEGGER
PARAFINCZUK WOLF, P.A.
5550 Glades Road, Suite 500
Boca Raton, FL
(954) 462-6700
jbruegger@parawolf.com

ROBERT A. IZARD
CRAIG A. RAABE
IZARD, KINDALL & RAABE, LLP
29 South Main Street, Suite 305
West Hartford, CT 06107
(860) 513-2939

August 17, 2023
*Counsel for Appellees*